**Opinion filed February 17, 2011**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-10-00052-CR & 11-10-00053-CR

_____

## ASHTON BLAKE LOCKE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR20245 & CR20049**

## M E M O R A N D U M   O P I N I O N

Ashton Blake Locke entered open pleas of guilty to the state jail felony offenses of burglary of a building and credit card abuse. After accepting appellant's pleas, the trial court sentenced him to confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two years on each offense with both sentences to be served concurrently. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in both appeals. The motion is supported by a brief in which counsel professionally and conscientiously examines the records and applicable law and states that he has concluded that the appeals are frivolous. Counsel has provided appellant with a copy of the brief and advised appellant of his right to

review the records and file a response to counsel's brief. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a pro se response to counsel's motion to withdraw and supporting brief. He contends that both trial counsel and appellate counsel rendered ineffective assistance.[1] In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d 403; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review in the Texas Court of Criminal Appeals. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeals are dismissed.

PER CURIAM

February 17, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[1]We note that appellant responded in the affirmative to a question from the trial court regarding his satisfaction with trial counsel's performance.